IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ERIC NATHANIEL DRAPER                                                                    PLAINTIFF

V.                                                                          NO. 4:16-CV-190-DMB-RP

MDOC – PARCHMAN FACILITY; et al.                                                   DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Roy Percy. Doc. #14.

## I
## Relevant Procedural History

On or about September 14, 2016, Eric N. Draper filed a pro se prisoner complaint challenging the conditions of his confinement. Doc. #1. On or about November 30, 2016, Draper filed a "Motion for Order of Injunction" seeking a preliminary injunction requiring the defendants to (1) "provide him with the proper medical care as per order of medical personnel;" (2) place him in a "suitable facility to conform to [his] medical needs;" and (3) cease moving him between facilities "which is causing a delay in his timely filing of case documentation." Doc. #7 at 1.

On May 30, 2017, United States Magistrate Judge Roy Percy issued a Report and Recommendation recommending that Draper's motion be denied because Draper failed to establish a likelihood of success on the merits and failed to show a substantial likelihood of irreparable injury. Doc. #14 at 4. Draper acknowledged receipt of the Report and Recommendation on June 5, 2017. Doc. #15. To date, no objections to the Report and Recommendation have been filed.

# II
# Jurisdiction

The doctrine of mootness derives from the case and controversy requirement of Article III, § 2 of the United States Constitution. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). Specifically, "[a] corollary to th[e] case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks omitted). Thus, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72 (internal quotation marks omitted). Because mootness is jurisdictional, "[i]n the absence of its being raised by a party, [a] court is obliged to raise the subject of mootness sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

When an inmate has been released from prison, his "request for injunctive and declaratory relief in a Section 1983 action fails to present a case or controversy and becomes moot." *Carter v. Tanner*, No. 11-2733, 2014 WL 1329784, at *2 (E.D. La. Mar. 31, 2014) (emphasis omitted); *Cooper v. Sheriff, Lubbock Cty. Tex*, 929 F.2d 1078, 1084 (5th Cir. 1991) (prisoner's request for equitable relief mooted by transfer). Because it appears that Draper is no longer incarcerated, his motion for injunctive relief is now moot. Accordingly, the Report and Recommendation, which addressed the merits of the motion, will be rejected as moot.

# III
# Conclusion

For the reasons above, the Report and Recommendation [14] is **REJECTED as moot**,[1] and Draper's motion for a preliminary injunction [7] is **DENIED as moot**.

---

[1] Having reviewed the Report and Recommendation for plain error, the Court, if it had jurisdiction, would adopt the Report and Recommendation as its order, thereby denying Draper's motion for an injunction. *See Shelby v. City of El Paso*, 577 F. App'x 327, 331 (5th Cir. 2014)) ("When there has been no objection to a report and recommendation, review is limited to plain error.").

**SO ORDERED**, this 26th day of September, 2017.

                                                **/s/Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**